UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| TALITHA L. HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT ENERGY SERVICES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 2:19-cv-02082 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes TALITHA L. HARRIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of DIRECT ENERGY SERVICES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") pursuant to 815 ILCS 505/1.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Central District of Illinois and a substantial portion the events or omissions giving rise to the claims occurred within the Central District of Illinois.

## PARTIES

4. Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39) residing in Kankakee, Illinois, which falls within the Central District of Illinois.

5. Defendant is a utility company organized under the laws of the state of Delaware with its principal place of business located at 12 Greenway Plaza, Suite 250, Houston, Texas. Defendant regularly conducts business with consumers in Illinois.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. On or around January 14, 2019, Plaintiff began receiving calls to her cellular phone, (815) XXX-7427, from Defendant.

8. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -7427. Plaintiff is and has always been financially responsible for the cellular phone and its services.

9. Defendant has used the phone number (313) 284-7155 when placing calls to Plaintiff's cellular phone.

10. Upon information and belief, the aforementioned phone number is regularly utilized by Defendant during its solicitation activities.

11. When Plaintiff answers Defendant's phone calls, she experiences a noticeable pause, lasting approximately four to five seconds in length, before she is connected with a live representative.

12. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to solicit her to use its energy services.

13. Plaintiff does not have any relationship with Defendant and is unaware how it got her cellular phone number. She has never been interested in utilizing Defendant's services.

14. On or around January 24, 2019 and February 4, 2019, Plaintiff spoke with Defendant and advised that she was not interested and wished to be taken off Defendant's calling list.

15. During the later conversation on February 24, 2019, Plaintiff specifically advised Defendant that she felt harassed by its conduct.

16. Despite Plaintiff's multiple demands, Defendant continued its behavior of placing solicitation phone calls to Plaintiff's cellular phone through *at least* February 11, 2019.

17. In total, Plaintiff has received *at least* 23 unconsented calls from Defendant to her cellular phone.

## DAMAGES

18. Plaintiff has been unduly inconvenienced and harassed by Defendant's unremitting and unlawful attempts to solicit her into enrolling in its services.

19. Plaintiff has suffered emotional distress and mental anguish, as a direct result of the unlawful solicitation practices of Defendant.

20. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

21. Defendant's phone harassment campaign has caused Plaintiff actual harm, including but not limited to, invasion of privacy, aggravation that accompanies unsolicited telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the calls, increased usage of her telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on her cellular phone.

22. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding her rights resulting in costs and expenses.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent.

25. The TCPA, pursuant to 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

26. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting approximately four to five seconds in length, which Plaintiff experiences during answered calls before being connected to a live representative of Defendant is instructive that an ATDS was being used. Similarly, the frequency and nature of Defendant's calls strongly suggests that an ATDS is being utilized.

27. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent. Plaintiff does not have any business relationship with Defendant nor has she ever given it permission to call her cellular phone.

28. Any consent that Plaintiff *may* have given to Defendant was specifically withdrawn on multiple occasions.

29. The calls placed by Defendant to Plaintiff were regarding business transactions and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

30. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call.  Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).  Calling an innocent individual *at least* 23 times is willful and knowing behavior, especially after Plaintiff notified Defendant to stop contacting her.

WHEREFORE, Plaintiff TALITHA L. HARRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Enjoining Defendant from placing any more phone calls to Plaintiff's cellular phone;

c. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "person" and "consumer" as defined by 815 ILCS 505/1(c) and (e) of the ICFA.

33. Defendant's solicitation calls to Plaintiff are "trade" and "commerce" as defined by 815 ILCS 505/1(f) of the ICFA.

34. The ICFA states:

> "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby."  815 ILCS 505/2.

35. Defendant violated 815 ILCS 505/2 by engaging in an unfair and deceptive act or practice in contacting Plaintiff.  It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when it never had her consent to do so. Defendant placed *at least* 23 phone calls to Plaintiff's cellular phone with the intent of soliciting her to use its services.  Defendant's egregious and unfair behavior does not just end there.  Defendant was notified by Plaintiff that she was not interested in its services and was told to cease its contact.  However, Defendant ignored Plaintiff's demands and continued its harassing conduct.  Defendant's continued conduct prompted Plaintiff to file this action.

36. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in an unfair and deceptive act, willfully done with the hope that Plaintiff would be compelled to enroll in Defendant's services. Further, Defendant intended that Plaintiff rely on its unfair and deceptive conduct.  Defendant had been notified several times of that Plaintiff was not interested, yet still relentlessly contacted to call.

37. Plaintiff lacks a meaningful choice to go about avoiding Defendant's contacts, which places an unreasonable burden on Plaintiff to try and address Defendant's conduct.  This further underscores the immoral, unethical, oppressive, and unscrupulous nature of Defendant's conduct which is contrary to public policy.

38. The ICFA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

39. Defendant's conduct of placing incessant telephone calls to an individual without that individual's consent involves trade practices directed to the market generally and which otherwise implicate consumer protection concerns.

40. Plaintiff was the subject of Defendant's incessant and relentless solicitation efforts. The nature of Defendant's conduct in placing relentless phone calls after consent for such calls had been explicitly revoked is behavior which impacted Plaintiff and which would similarly impact other consumers. Such conduct raises serious consumer protection concerns as entities like Defendant must not be given free rein to harass consumers by placing excessive telephone calls without consumer consent. The relief requested below serves the interests of consumers by ensuring this pervasively unfair conduct is addressed.

41. The ICFA further states:

> "Any person who suffers actual damage as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper."  815 ILCS 505/10a.

42. As pled in paragraphs 18 through 22, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices. As such, Plaintiff is entitled to relief pursuant to 815 ILCS 505/10a.

43. An award of punitive damages is appropriate because placing *at least* 23 solicitation phone calls to Plaintiff without permission. Many of these calls were placed after having verbal demands to cease, multiple times. Such conduct is hallmark of outrageous, willful, and wanton

behavior.  Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Illinois and for public policy reasons should be penalized.

WHEREFORE, Plaintiff TALITHA L. HARRIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual and punitive damages, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: April 8, 2019                                  Respectfully submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com